SHAW, Justice
(dissenting).
I respectfully dissent. Although Ala. Code 1975, § 34-17-1(3), defines “landscape architecture,” it does not define the “practice” of landscape architecture. “Practice” has been defined, among other things, as “[t]he exercise of any profession.” Black’s Law Dictionary 1172 (6th ed.1990). “Exercise” has been defined, among other things, as “[t]o put in action or practice, to carry on something, to transact or execute.” Black’s Law Dictionary 572.
It is grounds for disciplinary action if, “in the practice of landscape architecture,” the landscape architect “has been guilty of fraud or deceit” or “has been guilty of negligence or willful misconduct.” Ala. Code 1975, § 34-17-5(a)(5) and (6). The Code section is directed not just at the work product created by one exercising the profession, but also to the actions and practices in which one is executing the privileges associated with that profession. Using one’s position as a landscape-architect professional to intercept money from clients owed to another for landscaping services, in my opinion, is an act done while carrying on the profession of landscape architecture. Here, for all that appears from the record, Chad Bostick, who was employed by GRC Design Group, Inc., as a landscape architect, misrepresented his professional relationship with his employer and took money from clients that was owed to his employer for landscaping services. I would affirm the Alabama Board of Examiners of Landscape Architects’ administrative order and the decision of the Court of Civil Appeals. Therefore, I respectfully dissent.